**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOELLE M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Civil Action No. 21-08094 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Noelle M.'s ("Plaintiff")[1] appeal from the Commissioner of the Social Security Administration's (the "Commissioner") final decision, which denied Plaintiff's request for disability insurance benefits. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Plaintiff's Motion and remands this matter.

**I.   BACKGROUND**

Plaintiff, 38 years old at the time of filing, applied for disability insurance benefits ("DIB") on May 7, 2018, alleging a disability onset date of November 7, 2017. (AR 29, 182-84, 194-201,

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

278.)² Plaintiff previously worked as a nail technician and as a phlebotomist. (*Id.* at 90-91.) Plaintiff alleges that she suffers from several impairments including herniated discs, spinal stenosis, lumbar radiculopathy, bone spurs on the sacroiliac joint, chronic back and left leg pain, neuropathy, fatigue, and weakness. (Pl.'s Moving Br. 2, ECF No. 10.) Ultimately, the ALJ determined that Plaintiff suffered from three severe impairments: lumbosacral degenerative disc disease, thoracic degenerative changes, and level I obesity, but was not disabled. (*Id.* at 32.) Specifically, the ALJ found Plaintiff could perform sedentary work. (*Id.*)

In this appeal, the Court must answer the three questions that Plaintiff raised. *First*, did the ALJ err in concluding that Plaintiff's condition did not meet Listing 1.04? (Pl.'s Moving Br. 1.) *Second*, did the ALJ adequately explain his determination that Plaintiff's condition did not meet Listing 1.04? *Id.* And *third*, did the ALJ fail to properly weigh the opinion of examining physician Dr. Sean Lager? *Id.*

A. **Procedural Posture**

Under 20 C.F.R. § 404.1563(c), Plaintiff was a younger individual during the relevant period. (Def.'s Opp'n Br. 3, ECF No. 13.) The Administration denied her request for disability insurance benefits initially and on reconsideration. (*Id.* at 2.) The ALJ held an initial hearing on January 20, 2020, and a supplemental hearing on May 7, 2020. (*Id.*)

On June 1, 2020, the ALJ, in a written opinion, determined that Plaintiff was not disabled. (AR 26-35.) Plaintiff appealed, and the Administration's Appeals Council affirmed the ALJ's decision. (*Id.* at 1-5.) The instant appeal followed. (*See generally* Compl., ECF No. 1.) Plaintiff filed her opening brief on October 28, 2021 (ECF No. 10), and the Commissioner filed his

---

² The Administrative Record ("AR" or Record) is found at ECF Nos. 6 through 6-8. The Court will reference the relevant page numbers in the Record" and will not reference corresponding ECF page numbers within those files.

2

opposition brief on January 7, 2022 (ECF No. 13). Plaintiff replied on January 17, 2022. (ECF No. 14.)

### B. The ALJ's Decision

In the June 1, 2020 written opinion, the ALJ determined that Plaintiff was not disabled under the prevailing Administration regulations. (*See generally* AR 29-35.) In doing so, the ALJ set forth the five-step process for determining whether an individual is disabled. (*Id.* at 30-31 (citing 20 C.F.R. §§ 404.1520(a)).) At step one, the ALJ found that Plaintiff had not "work[ed] after the alleged onset date," and that the wages posted to her account after the onset date did not "rise to the level of substantial gainful activity." (*Id.* at 31-32 (citing 20 C.F.R. § 404.1571).) At step two, the ALJ found that Plaintiff suffered from three severe impairments: lumbosacral degenerative disc disease; cervical and thoracic degenerative changes; and level I obesity. (*Id.* at 32 (citing 20 C.F.R. § 404.1520(c)).) At step three, the ALJ determined, after considering Listing 1.04, that Plaintiff did not have "an impairment or combination of impairments" that qualified under the Administration's listed impairments. (*Id.* at 32-34 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).) Prior to step four, the ALJ calculated Plaintiff's Residual Functional Capacity ("RFC") and determined that Plaintiff could perform sedentary work with some restrictions. (*Id.* at 32 (citing 20 C.F.R. § 404.1567(a)).) At step four, the ALJ concluded that Plaintiff is unable to perform either of her prior occupations (manicurist and phlebotomist). (*Id.* at 34 (citing 20 C.F.R. § 404.1565).) At the fifth step, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy" that Plaintiff could perform. (*Id.* at 24 (citing 20 C.F.R. §§ 404.1569, 404.1569(a)).)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the Record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the Record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). Judicial review of ALJ decisions requires a qualitative review that considers each piece of evidence in relation to the entire record. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Finally, "[s]ince it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

B.   **Establishing Eligibility**

To be eligible for disability insurance benefits, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Under the statute, claimants are disabled only if their physical or mental impairments are "of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* §423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 416.920. For the first step, claimants must establish that they have not engaged in any substantial gainful activity since the onset of their alleged disabilities. *Id.* § 416.920(a)(4)(i). For the second step, claimants must establish that they suffer from a "severe . . . impairment" or "combination of impairments." *Id.* § 416.920(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that claimants provide evidence that their impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If claimants demonstrate that they suffer from a listed impairment or that their severe impairment is equal to a listed impairment, they are presumed to be disabled and entitled to social security income benefits. *Id.* If they cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether claimants' residual functional capacity

("RFC") permits them to resume previous employment. *Id.* § 416.920(a)(4)(iv). If claimants' RFC permits previous employment, claimants are not "disabled" and not entitled to social security income benefits. *Id.* § 416.920(f). The burden of persuasion rests with claimants in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At step five, the burden shifts to the Commissioner to demonstrate that claimants can perform other work consistent with their medical impairments, age, education, past work experience, and RFC. *Id.* If the Commissioner cannot satisfy this burden, claimants will receive social security income benefits. 20 C.F.R. § 416.920(g).

## III. DISCUSSION

Plaintiff appeals the Administration Appeals Council's affirmance of the ALJ's decision. She argues three main points. *First*, Plaintiff argues that the ALJ erred in determining that Plaintiff did not meet the requirements of Listing 1.04. (Pl.'s Moving Br. 17-19.) Specifically, Plaintiff contends that the MRI of her "lumbar spine," (*id.* at 17), combined with reports of lumbar paravertebral muscle spasms, differentiated single leg raises between her left and right legs, 1-2 over 5 great toe dorsiflexion on the left compared to 4 over 5 on the right, and reduced spinal motion meets the requirements of Listing 1.04. (AR 490, 566, 543, 472.) *Second*, Plaintiff argues that the ALJ insufficiently established a record on the decision. (Pl.'s Moving Br. 18.) *Finally*, Plaintiff claims that the ALJ's RFC determination was erroneous because he failed to properly weigh the opinion of examining physician Dr. Sean Lager. (*Id.* at 19.)

As to the first alleged error, the Commissioner counters that substantial evidence supports the ALJ's determination that Plaintiff did not meet the listing requirements. (Def. Opp'n Br. 14.) The Commissioner claims that the ALJ properly relied on medical documents and assessments provided by Dr. Lager, Dr. Kumar, and Dr. Abrina as well as the testimony of Drs. Bustos and Rizwan. (*Id.* at 14-17.) These findings, the Commissioner avers, "sufficiently supported the ALJ's

6

finding that the Plaintiff did not satisfy the criteria of Listing 1.04." (*Id.* at 15.) Second, the Commissioner emphasizes that the ALJ's opinion when read in its entirety provides sufficient reasoning for the ALJ's decision. (*Id.* at 15.) Third, the Commissioner counters Plaintiff's contention that the ALJ did not adequately consider Dr. Lager's opinion by noting that the ALJ relied on several differing medical opinions—such as neurological findings, EMG findings and medical examinations—to conclude that Dr. Lager's opinion was not adequately supported by the Record. (*Id.* at 17-18.)

### A. The ALJ Erred by Failing to Provide Sufficient Information to Establish a Record.

In reaching a decision, an ALJ must evaluate the evidence and explain why evidence has been rejected. *Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981) (internal citation omitted). Nevertheless, it is not necessary for the ALJ to "undertake an exhaustive discussion of all the evidence" where the court can determine "that there is substantial evidence supporting the Commissioner's decision[.]" *Hernandez v. Comm'r of Soc. Sec.*, 89 F. App'x 771, 773-74 (3d Cir. 2004). In evaluating whether the ALJ has discharged his duty, it is not the Court's role to re-weigh the evidence, either against or in favor of the plaintiff, or "impose [its] own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Instead, the question is whether "substantial evidence supports the [ALJ]'s decision that the plaintiff is not disabled." *Jennifer L. v. Comm'r of Soc. Sec.*, No. 20-8537, 2022 WL 494110, at *3 (D.N.J. Feb. 17, 2022) (quoting *Schmidt v. Comm'r of Soc. Sec.*, No. 16-1924, 2017 WL 4948065, at *1 (D.N.J. Nov. 1, 2017)). Importantly, "substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008) (quoting *Hartranft*, 181 F.3d at 360)). But the Court must be able "to trace the path of the ALJ's

7

reasoning from evidence to conclusion." *Erica S. v. Comm'r of Soc. Sec.*, No. 20-6175, 2022 WL 1269788, at *6 (D.N.J. Apr. 28, 2022) (quoting *Britney S. v. Berryhill*, 366 F. Supp. 3d 1022, 1026 (N.D. Ill. 2019)).

For a decision to be affirmed, the ALJ must provide an analysis of whether and why the claimant's impairments meet or fail to meet the severity of one of the listed impairments. *Erica S*, 2022 WL 1269788, at *3. That analysis cannot consist solely of conclusory statements that an impairment did not match or rise to an equivalent level of severity. *Jones v. Barnhart*, 364 F.3d 501, 504 (3d Cir. 2004). The analysis does not, however, have to utilize particular language or adhere to a particular format; the ALJ has latitude "to deliver a decision in the format he considers most appropriate" while providing the opportunity for meaningful court review. *See Lee v. Berryhill*, No. 18-10181, 2019 WL 2743967, at *4 (D.N.J. June 30, 2019) (citing *Jones*, 364 F.3d at 504-05).

Here, the ALJ's decision is inadequate. As Plaintiff notes, the ALJ simply states that "Listing 1.04 was considered." (Pl.'s Reply Br. 2). These four words constitute the entirety of the ALJ's findings and analysis at step three. That does not provide the Court any clue as to how the ALJ concluded that Plaintiff does not meet the listing criteria. The Court, therefore, finds that the ALJ failed to "fully develop the record and explain his findings at step three, including an analysis of whether and why [the claimant's] . . . impairments, or those impairments combined, are or are not equivalent in severity to one of the listed impairments." *Burnett v. Comm'r of Soc. Sec. Admin.*, 200 F.3d 112, 120 (3d Cir. 2000).

The Commissioner argues that the Court should consider the opinion as a whole and affirm the decision. (Def.'s Opp'n Br. 15.) That argument is unavailing because the decision simply provides a summary of the Record of what evidence supports and contradicts a finding of

disability. The ALJ, however, does not provide sufficient reasoning for why and how he weighed the relevant evidence. (*See generally* AR 33-35.) This is particularly necessary in the instant case because the Record includes some evidence that aligns with each requirement of Listing 1.04, including "disc material impinging upon and mildly displacing the left S1 nerve root within the thecal sac." (AR 415.) As such, Plaintiff's disability determination relies on how the ALJ weighs the evidence of whether the compromised nerve root is accompanied by "evidence of nerve root compression characterized by neuro-anatomic distribution of pain . . . accompanied by sensory or reflex loss . . . and positive straight leg raising test." 20 C.F.R. pt. 404, subpt. P., app. 1 § 1.04A.

The ALJ, in support of his overall findings, points to the lack of "specific neurological abnormalities" including that Plaintiff exhibited "normal deep tendon reflexes and sensory function" and lack of muscle atrophy. (AR 33.) Moreover, the ALJ points to the EMG/NCV studies as being consistent with "only early state sensory neuropathy, but not radiculopathy." (*Id.*) But the ALJ does not indicate how that evidence compares, confirms, or contradicts the list of supporting evidence Plaintiff provided, including the positive lumbosacral MRI, positive straight leg raising on the left, chronic pain and diminished lumbar range. (*Id.*) Moreover, the ALJ does not engage with the evidence Plaintiff presented indicating that she had pain radiating down the left side to her foot nor with Drs. Potashnik and Weinstein's findings that Plaintiff suffers from radiculopathy. (*Id.* at 432, 490, 566.) Further, the ALJ did not sufficiently engage with evidence in the Record that directly addresses the limited motion of the spine as observed by Dr. Weinstein. (*Id.* at 490.) The ALJ notes the existence of that evidence but does not sufficiently explain his thinking, leaving the Court unable to determine how contradictory evidence factored into his decision. Specifically, the ALJ does not wrestle with the inconsistent findings on Plaintiff's muscle spasms or difficulty walking. (AR 483, 490, 535, 565.) In short, the ALJ did not "address[] each impairment" nor did

9

he adequately explain "facts that negate an essential element of each Listing." *Howard D.*, 2022 WL 494090, at *4.

Still, to remand, the Court must conclude that the deficiency in the ALJ's analysis was harmful to Plaintiff's claims. *See Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016). Ordinary harmless error review, in which the [plaintiff] bears the burden to demonstrate harm, is applicable to administrative appeals. *Id.* An error is "harmless" when, despite the technical correctness of an appellant's legal contention, there is "no set of facts" upon which the appellant could recover. *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting *Renchenski v. Williams*, 622 F.3d 315, 341 (3d Cir. 2010)). To demonstrate harm, the plaintiff must show how any error in the step-three analysis would "affect the outcome of the case." *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). "That is, a remand on step three is only warranted if a plaintiff can show that evidence supports a finding that she meets a listed impairment that qualifies her as disabled." *Collado v. Comm'r of Soc. Sec.*, No. 19-13458, 2020 WL 5939793, at *5 (D.N.J. Oct. 6, 2020).

Plaintiff here, however, references evidence that supports a finding of disability. To satisfy the nuanced elements of Listing 1.04, a claimant must have a disorder of the spine resulting in compromise of a nerve root or spinal cord with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. pt. 404, subpt. P., app. 1 § 1.04A.5.

In the instant case, the Record indicates there is "disc material impinging upon and mildly displacing the left S1 nerve root within the thecal sac." (AR 415.) As such, there is arguably a

10

disorder of the spine resulting in the compromise of a nerve root. Plaintiff highlights findings by Drs. Potashnik and Weinstein, who each concluded that Plaintiff does suffer from radiculopathy (also known as neuro-anatomic distribution of pain). (*Id.* at 432, 490, 566.) In addition, Dr. Fan performed a nerve conduction study that showed early-stage sensory motor neuropathy at both lower extremities. (*Id.* at 459-460.) Moreover, evidence in the Record shows limited motion of the spine, positive straight leg tests, and decreased dorsiflexion. (*Id.* at 472, 490, 566.) Plaintiff, accordingly, references evidence in the record that supports a finding of disability.

The Court, consequently, cannot find that the ALJ's decision is supported by substantial evidence and is constrained to remand the matter for further analysis. To find that Plaintiff's RFC is supported by substantial evidence when it cannot follow the ALJ's reasoning would result in an abdication of the Court's responsibility. The Court, consequently, must remand to the ALJ for further analysis.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court remands the decision of the ALJ for further analysis and proceedings consistent with this Memorandum Opinion. The Court will enter an order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE